WERNER, Respondent, vs. RANDALL, Respondent, and another, imp., Appellant.

*January 8—February 4, 1919.*

*Partition of land: Division of proceeds of sale: Rental charge against part owner in possession: Accounting.*

In a partition suit for the determination of the respective rights of the parties in a farm and to the proceeds of a sale thereof, a finding by the trial court that one part owner was chargeable with $2,000 as rent for one year during which he had possession of the farm is approved, except that the amount is reduced to $1,600 as being the proper rental charge; an allowance is made to said part owner for improvements and for plowing; an account is stated; and the judgment and order of distribution made by the trial court are modified accordingly.

APPEAL from a judgment of the circuit court for Kenosha county: JOHN J. GREGORY, Judge. *Modified and affirmed.*

This is a partition suit whereby the parties thereto agreed to have their respective rights to the property in question and to the proceeds of the sale thereof ascertained and determined by the court.

During the year 1915 *Clausen* and King were owners of equal undivided shares of a 400-acre farm, known as the Kellogg farm, in Kenosha county. *Clausen* had actual possession at an agreed rental of $1,600 for the year from March, 1915, to March, 1916. The transactions between *Clausen* and King were in the nature of mutual open ac-

counts. On or about April 22, 1916, King deeded his entire undivided half interest in the farm to defendant *Randall,* and *Randall* immediately thereafter deeded one half of his entire interest to plaintiff, *Werner,* who brought this suit for partition.

At this time it appears that *Werner* is the owner of an undivided one-fourth share of the farm; that *Louis E. Randall* is the owner of an undivided one-fourth interest; that *John Clausen* owns a one-half interest in the farm; that M. Moyca Newell was the owner of a mortgage on the above described property for the sum of $15,000; that Louis Keuck was a tenant of a part of the farm.

Herman A. King and his wife, Jennie T. King, filed an answer to the complaint of plaintiff, *Werner,* wherein they allege that in the purchase and operation of the farm it was expressly agreed by and between King and *Clausen* that the costs thereof should be borne by them equally and that the net proceeds thereof should be shared by them in equal portions; that King actually and necessarily disbursed and applied of his individual assets in and about the operation of the farm the sum of $2,505.12, receiving therefrom only $42.20; that defendant *Clausen* received and held and still holds large sums of money derived from rental of the farm, the sale of the gravel therefrom, and other similar sources, amounting in all to the sum of $3,000, for which King demanded an accounting; that *Clausen* also received upon the sale of the farm to the present owners, by way of earnest money, the sum of $1,000, for which he has also failed to account to defendant King.

The answer of the defendants *John Clausen* and wife denies that *Clausen* and King were copartners and alleges that these premises have been at all times in *Clausen's* possession and that he has had full management of the same, accounting to Herman A. King as a cotenant, and that he has leased said property to others in his own name; that the conveyance of one half of the property by Herman A. King to *Louis E.*

*Randall*, who thereupon deeded one half of his share to the *Werners*, is fraudulent and void for want of authority. The answer of the *Clausens* demands that the deeds executed by King to the *Randalls*, and by *Randall* to *Werner*, be adjudged fraudulent and declared null and void, and that *Clausen* and King be adjudged to be the owners as tenants in common of the property; that the accounts between these defendants be adjudged, and that judgment be entered accordingly.

The court found that the agreement entered into by King and *Clausen* on their purchase of the so-called Kellogg farm did not constitute a copartnership and did not authorize King to enter into a conveyance of the farm on behalf of both parties as copartners, and that the conveyance to the *Randalls*, dated April 22, 1916, conveyed to them only the interest of defendant King and his wife; that the deed from *Randall* to *Werner* conveyed only an undivided one-fourth interest, and as such owner *Werner* was entitled to bring this action for partition; that *Clausen* is still the owner of the undivided half interest in the farm, and that the conveyances by King to the *Randalls* does not affect the ownership of *Clausen* to his undivided half interest in the farm; that the ownership of the farm is now as follows: *Clausen*, undivided one-half; *Randall*, undivided one-fourth; *Robert G. Werner*, undivided one-fourth; that defendant *Clausen* is liable for the sum of $2,000 for the rental of the farm for the farm year from March, 1916, to March, 1917; that he is entitled to one half thereof and shall pay to plaintiff, *Werner*, $500 and to defendant *Randall* $500; that if *Werner* is entitled to any commission for services claimed to have been rendered in the sale of property he must look to defendant King for payment; that there is due to Herman A. King from *John Clausen* the sum of $2,234.72.

The court ordered the sale of the farm. It was sold for $38,000. Less mortgage and accrued interest and disbursements there remained $22,411, which was divided among

the parties as follows: one fourth to plaintiff, *Werner*, one fourth to defendant *Randall*, one half to *Clausen*, and the court found there was due to King $2,234.72 from *Clausen*. On February 20, 1918, the court ordered a distribution of this fund as follows: to *Randall*, $5,602.83; to *Werner*, $5,602.83; to King, $2,234.72; to *Clausen*, $7,970.95. One thousand dollars of *Clausen's* share remained in the hands of the clerk for final distribution.

Defendant *Clausen* appeals from the part of the judgment wherein the court holds that *Clausen* is liable for the rent of the farm for the year 1916-1917 at a rental of $2,000; and also from the order of April 30, 1918, distributing the balance of the proceeds in the hands of the clerk of the court.

*Henry J. Hastings* of Kenosha, for the appellant *Clausen*.

For the respondents there was a brief by *Buckmaster & Hammond* of Kenosha, for *Robert G. Werner*, and *Daniel M. Healy* of Kenosha, for *Louis E. Randall;* and the cause was argued orally by *A. E. Buckmaster*.

SIEBECKER, J. The controversy presented on this appeal affects no part of the litigation involved in the action other than whether or not *Clausen* is liable for rent of the farm for the year from March, 1916, to March, 1917, and what amounts the appellant, *Clausen*, and the respondents *Randall* and *Werner*, are respectively entitled to receive of the moneys now in the hands of the clerk of the court.

The trial court held that *Clausen* is liable for rent of the farm for the year here involved, and found that $2,000 is a reasonable rent charge. *Clausen* insists that, first, he is not liable for any rent for this farm year, and secondly, that if he is to be charged for such rental $2,000 is an unreasonable and excessive amount. As above shown, the respondents *Randall* and *Werner* became the owners of King's undivided half interest in the farm in April, 1916, and hence *Clausen*, *Randall*, and *Werner* have title to the farm in common from that time. The record shows that these owners did not lease

the farm to a third party after April, 1916, and that they did
not mutually agree that *Clausen* should remain in possession
of it as he did at a stipulated rental for the year 1916-1917.
The facts and circumstances showing *Clausen's* possession
of the farm for this year support the court's conclusion hold-
ing him liable for its reasonable rental value. The court
held that he ought to pay $2,000. The court manifestly de-
termined that this was the proper rental charge for him to
pay, because he refused to accept one Larsen as tenant, who
had an agreement with *Randall* and *Werner* to become the
tenant of the farm and to pay this amount of rent for the
year. *Clausen* was not obligated to accept Larsen as a
tenant. The facts disclosed by the record concerning this
alleged arrangement of *Werner* and *Randall* with Larsen
are not persuasive as showing that it was the fair and rea-
sonable rental of the farm. It appears that the years pre-
ceding and following the one in question the rental value of
the farm did not exceed $1,600, and nothing is shown that
the use of the farm was worth more than this for the year
involved. We are constrained to hold that the circuit judge
erred in charging *Clausen* $2,000 rent as he did, and that
finding must be modified by reducing it to $1,600 as the
proper charge against *Clausen* as rent for this year. The
claim of *Clausen* that he paid and settled this rent with King
in the settlement of all claims between them and approved
by the trial court in awarding King recovery against *Clausen*
for $2,234.72, is not sustained. The fact that the trial court
charged *Clausen* $2,000 clearly shows that the court did not
so regard it. The stipulation fixing this amount due King
recited that it does not include any items subsequent to
March, 1916. Furthermore, King sold his interest in the
farm in April, 1916, to *Randall,* and he had no interest in
or right to settle for the *Clausen* rent or for his expenditures
on the farm after such conveyance. It does appear that the
trial court in its judgment erroneously deducted from the
amount *Clausen* was indebted to King as fixed by their stipu-

lation the sum of $98.75, representing part of the items *Clausen* expended on the farm after King had sold his interest to *Randall*. That part of the judgment is not, however, appealed from; the error must be disregarded on this appeal between *Clausen* and the respondents. This does not prevent a correct statement of the account between the appellant, *Clausen,* and the respondents *Randall* and *Werner.* We find *Clausen* chargeable with $1,600 rent for the farm from March, 1916, to March, 1917. He is to be credited $500 on this as rent paid by his subtenant; this sum came into the receiver's hands and is included in the net balance of $352.29 he paid to the clerk, who now holds it for distribution. *Clausen* presented a claim for money he expended on the farm after King sold to *Randall* and before the receiver took possession in the spring of 1917. Of this claim it appears that the following items should be allowed him for improvements and for plowing:

| | |
|---|---:|
| 520 rods of fence at 40c | $208 00 |
| 8 farm gates | 50 00 |
| 30 staples | 1 50 |
| 100 posts | 18 00 |
| Labor on fence | 100 00 |
| 60 acres plowing at $3 per acre | 180 00 |
| Total | $557 50 |

The other items of this claim must be rejected because the evidence does not show that they are of the nature of farm improvements.

The *Clausen* farm account is as follows:

| | |
|---|---:|
| Dr. to rent | $1,600 00 |
| Cr. by rent paid | 500 00 |
| Balance due for rent | $1,100 00 |
| Amount due *Clausen* on farm improvement account | 557 50 |
| Balance rent due from *Clausen* | $542 50 |
| Add to this amount the receiver paid the clerk to farm account | 352 29 |
| | $894 79 |

The final balance represents the proceeds on hand of the farm transactions after deducting the sum the court distributed on February 20, 1918. One half of this balance, namely, $447.39, belongs to *Randall* and his grantee, *Werner*, and the other half to *Clausen*.

·It follows that the judgment awarding recovery from *Clausen* of a rental of $2,000 for the farm year from March, 1916, to·March, 1917, must be modified by reducing it from $2,000 to $1,600; and that the· final order distributing the moneys in the hands of the clerk is so modified and the clerk is ordered to disburse the moneys in his hands as follows:

| | |
|---|---:|
| To *Randall* | $223 69 |
| To *Werner* | 223 69 |
| To *Clausen* | 904 90 |

As so modified the judgment and final order of distribution are affirmed, the appellant *Clausen* to recover costs.

*By the Court.*—It is so ordered.